## No. 102
### EAST 55th STREET HOSPITAL CO. v. GEN'L. ACCIDENT, ASSURANCE CORP. et
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5830.  Decided June 26, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

297.  CONTRACTS—Where no rule exists, either by common law or by statute which would give a hospital right of action against a party for services rendered an injured person, so injured by said party, such right must be the result of contract in order to be maintained.

MIDDLETON, J.

The Hospital Co. filed petition in Cuyahoga Common Pleas alleging that the Assurance Co. issued an insurance policy to the Makoff Baking Company, a joint defendant in this action, by virtue of which the Baking Comany was insured against loss that might arise by reason of damages on account of bodily injuries suffered by any person or persons due to ownership, maintenance or use for the purposes of delivery of any vehicle, draught or driving animal in charge of the Baking Co. or its employees; to defend in name of the Baking Co., to recover damages on account of such happenings, and to pay expenses incurred by the assured for immediate medical or surgical relief which may be imperative in connection with such accident.

The petition alleged that on July 15, 1921 a vehicle of the Baking Co. collided with Betty Pinchuk resulting in injuries sustained by her; that the Baking Co. placed Betty Pinchuk in the Hospital and that it thereby incurred a loss of $510 with interest; that an action was instituted in the Cleveland Munici-

## STATE COURT OF APPEALS—Continued

pal Court against the Baking Co. who notified the Assurance Co. of the pendency of this suit. The petition further alleged that the Hospital Co. recovered a judgment in the Municipal Court for $571 and it asked to be subrogated to the rights of the Baking Co. against the Assurance Co. Upon motion for judgment on the pleading, the Common Pleas ruled that the petition did not show a right of action.

Error was prosecuted and the Hospital Co. contended that its petition shows a right of action upon four grounds:

(a) To recover a judgment under 9510-3 and 9510-4 GC.

(b) On a contract with the agent of the Assurance Co., duly authorized by the terms of the policy.

(c) Failure, in Municipal Court, makes the Assurance Co. liable for the judgment recovered there.

(d) That the Hospital is a beneficiary under the policy to the extent of its claims.

The Court of Appeals held:

1. As to the first ground, the petition does not charge that the injuries for which the Municipal Court found the Baking Co. to be responsible, was not sustained by the Hospital, and the judgment obtained in the Municipal Court is not of the class named in Section 9501-3 and 9501-4 GC.

2. As to the other three grounds, there is no claim made that the Baking Co. acted as agent of the Assurance Co. in procuring the services of the Hospital, and there is nothing in the petition showing the character of the services rendered by the Hospital Co., and the amount sought to be recovered in the petition is the amount of the judgment rendered in the Municipal Court.

3. Under the petition, it must be assumed that judgment of the Municipal Court was predicated upon a legal claim which was found upon an express or implied promise of the Baking Co. to pay the hospital.

4. There is no rule under the common law or statute which would give the hospital the right to maintain an action against the Baking Company unless such right is contractual.

5. The petition does not state facts to constitute a cause of action.

Judgment affirmed.

Attorneys—David Perris for Hospital; Dustin, McKeehan, Merrick, Arter & Stewart for Assurance Co.; all of Cleveland.